Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*FAITH B. KELII*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FAITH B. KELII<br><br>     Plaintiff,<br><br> vs.<br><br>MONARCH RECOVERY<br>MANAGEMENT, INC.<br><br>     Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA")**<br><br><br>**DEMAND FOR JURY TRIAL** |

*///*
*///*
*///*
*///*
*///*

- 1 -
COMPLAINT

1.  FAITH B. KELII ("Plaintiff"), through her counsel, brings this action to challenge the actions of Defendant MONARCH RECOVERY MANAGEMENT, INC. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in State of Nevada.

6.  Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

KAZEROUNI
LAW GROUP, APC

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

8. All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. The "least sophisticated debtor" standard applies to questions of violation of § 1692f. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996). "If the least sophisticated debtor would 'likely to be misled' by a communication from a debt collector, the debt collector has violated the Act." *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007). "The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1061-62 (9th Cir. 2011). This objective standard will ensure that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking and the credulous. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

**JURISDICTION AND VENUE**

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

12. Defendant is subject to personal jurisdiction in Nevada, as they conduct business in Nevada, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Nevada and within this judicial district, Plaintiff

resides within this federal judicial district, the conduct complained of herein occurred within this federal judicial district, and Defendant conducted business within this federal judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Las Vegas, Nevada.

15. Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is, and at all times mentioned herein was, a company registered and formed under the laws of the State of Pennsylvania with a primary place of business and/or headquarters located in Bensalem, Pennsylvania. Plaintiff further alleges, at all relevant times herein, Defendant conducted business and engaged in debt collection activities in the State of Nevada, including Clark County.

18. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. This case involves money, property or their equivalent, due or owing to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

### The 5650 Account

20. Sometime before April 2022, Plaintiff allegedly incurred financial obligations to an original creditor, First Premier Bank (the "Original Creditor") that were

money, property, or their equivalent, which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

21. Sometime thereafter but before January 2023, Plaintiff allegedly fell behind on the payments owed on the Debt.

22. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred to Defendant for collection. Thereafter, defendant began contacting Plaintiff in an attempt to collect upon the Debt on behalf of the Original Creditor.

23. In or around January 2023, Defendant sent Plaintiff a letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt.

24. Concerned by Defendant's collection letter, on or around January 31, 2023, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Dispute"), which was confirmed received by Defendant.

25. Despite Plaintiff sending the Dispute and Defendant receiving the Dispute, Defendant decided to move forward with its collection attempts against Plaintiff without validation the alleged debt.

26. Specifically, approximately one (1) month after Plaintiff's Dispute, on or around March 1, 2023, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff a third letter via mail attempting to collect the Debt from Plaintiff.

### The 7755 Account

27. Sometime before April 2022, Plaintiff allegedly incurred financial obligations to an original creditor, First Premier Bank (the "Original Creditor") that were money, property, or their equivalent, which were due or owing, or alleged to be

due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

28. Sometime thereafter but before January 2023, Plaintiff allegedly fell behind on the payments owed on the Debt.

29. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred to Defendant for collection. Thereafter, defendant began contacting Plaintiff in an attempt to collect upon the Debt on behalf of the Original Creditor.

30. In or around January 2023, Defendant sent Plaintiff a letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt.

31. Concerned by Defendant's collection letter, on or around January 31, 2023, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Dispute"), which was confirmed received by Defendant.

32. Despite Plaintiff sending the Dispute and Defendant receiving the Dispute, Defendant decided to move forward with its collection attempts against Plaintiff without validation the alleged debt.

33. Specifically, approximately one (1) month after Plaintiff's Dispute, on or around March 1, 2023, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff a third letter via mail attempting to collect the Debt from Plaintiff.

34. Defendant's debt collection letters to Plaintiff constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

35. Defendant's collection letters misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under 15 U.S.C. § 1692g(b).

36. Defendant's above-described conduct violated 15 U.S.C § 1692g(b) by continuing with repeated attempts to collect upon the alleged debt from

Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt and disregarding Plaintiff's Dispute.

37. Defendant's above-described conduct violated 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

38. Defendant's above-described conduct violated 15 U.S.C. § 1692e and § 1692e(10) by using false, deceptive, and/or misleading representations and representations or means in connection with its attempts the Debt.

39. Defendant's above-described conduct violated 15 U.S.C. § 1692f because Defendant utilized unfair and unconscionable means in its attempts to collect the Debt from Plaintiff.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

41. As described herein, Defendant engaged in illegal collection activity with regard to Plaintiff's alleged debt.  Such activity constitutes violations of 15 U.S.C. §§ 1692, et seq., including but not limited to sections 1692d, 1692e, 1692e(10), 1692g(b) and 1692f of the FDCPA.

42. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered mental anguish by way of stress, frustration, anxiousness, and was misled and confused by Defendant's repeated threats and continued collection communication to Plaintiff.

**COUNT ONE**

**Violation of the Fair Debt Collection Practices Act**

**15 U.S.C. §§ 1692, et seq. (FDCPA)**

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

44.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

45.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

- Any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

40.  Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 13th day of July 2023.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _/s/Gustavo Ponce_

Gustavo Ponce, Esq.
Mona Amini, Esq.
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
*Attorneys for Plaintiff*

- 8 -

COMPLAINT